[No. 6762.   Decided July 17, 1907.]

RUSH BANKS, *Appellant*, v. EASTERN RAILWAY & LUMBER COMPANY, *Respondent*.[1]

TORTS—MALICE—WRONGFUL MOTIVE IN LAWFUL ACT—MASTER AND SERVANT—SELECTION OF HOSPITAL. A physician who conducts a public hospital has no cause of action against a lumber and railway company for maliciously paying hospital dues, deducted from the wages of its employees, to a rival hospital, and requiring such employees to receive attendance from such rival hospital, after the employees had requested the payment of such dues to the plaintiff, whose hospital they wished to patronize; since the employer may select its own hospital, is under no contract obligation with the plaintiff, and is not liable for malice in lawfully employing men under agreement to attend a hospital of its own selection.

[1] Reported in 90 Pac. 1048.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered January 2, 1907, in favor of the defendant, upon sustaining a demurrer to the complaint, dismissing an action for damages alleged to have arisen in tort. Affirmed.

*Frank Burch,* for appellant.

*George Dysart* and *Maurice A. Langhorne,* for respondent.

Crow, J.—The plaintiff, Rush Banks, in his amended complaint, has alleged, that he is a duly licensed physician, engaged in the practice of his profession in Centralia, Washington, where he also conducts a public hospital; that the Eastern Railway & Lumber Company is a corporation, engaged at Centralia, Washington, in the manufacture of lumber and shingles, employing a large number of men; that such employees are fully paid by the defendant, save and except that fifty cents per month has been retained from the wages of each man and disbursed by the defendant for hospital and medical services; that the defendant required the payment of such monthly installment by each employee; that on or about January 9, 1906, fifty-six employees of the defendant, so desiring, did select the hospital and the medical services of plaintiff, and did serve upon the defendant a written demand that their hospital dues be thereafter paid to the plaintiff; that in consideration of such selection and written demand, the plaintiff issued to each of such employees a certificate which entitled him to medical and surgical treatment at his hospital; that the defendant has refused to pay any hospital fees to plaintiff; that it has refused to comply with the written demand of its employees in that regard; that its acts are wanton, wilful, and malicious, and done with the intent of harassing plaintiff and injuring his business; that, with such malicious intent and purpose, the defendant has notified its employees that all hospital dues will be paid to the J. H. Dumon hospital, and that any employee not consenting to such payment will be

discharged; that it was necessary for defendant's servants to have employment; that by reason of such necessity they have been compelled to submit to the conditions so imposed upon them; and that, by reason of the defendant's wrongful, wilful, and malicious acts, the plaintiff has been damaged in the sum of $5,000, for which he demands judgment. Although the amended complaint is quite voluminous, the above completely states the substance of its material allegations. The defendant interposed a general demurrer, which being sustained, the plaintiff refused to further plead, and judgment was entered dismissing the action. The plaintiff has appealed.

The only question before us is whether the honorable trial judge erred in sustaining the demurrer. He did not, as the amended complaint fails to state facts sufficient to constitute a cause of action. The respondent was entitled to employ its servants upon the conditions alleged. It had a perfect right to contract for the retention of reasonable hospital fees and reserve to itself the privilege of selecting the physician to whom such fees should be paid. The contract, which did not profit the respondent, was made for the direct benefit of its employees. Appellant made no agreement with the respondent. There was no privity of contract between him and respondent. The contract between the respondent and the employees was not made for the benefit of appellant and he had no right of action thereon. If appellant made any contract which has been violated, it was with the fifty-six employees to whom he issued hospital certificates. He cannot dictate the manner in which the respondent shall conduct its business, nor can he, by any agreement with respondent's employees, to which respondent is not a party, compel it to change the terms of its contracts of employment.

Appellant places much reliance on the allegation of malice, but if the respondent is conducting its business in a lawful manner, making and performing valid contracts with its employees, the mere incident of a malicious motive toward the appellant does not of itself warrant a recovery.

Appellant contends this is an action in tort, based on the malicious and wanton acts of the respondent, and seems to predicate his right to recover upon respondent's wrongful motive. Judge Cooley, at page 1505 (\*832) of vol. 2, third edition, of his work on Torts, says:

"Bad motive, by itself, then is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. 'An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent.' 'Where one exercises a legal right only, the motive which actuates him is immaterial.' When in legal pleadings the defendant is charged with having wrongfully and unlawfully done the act complained of, the words are only words of vituperation, and amount to nothing unless a cause of action is otherwise alleged."

In substance, the act of respondent of which appellant complains is that it has maliciously caused its employees to violate their contract with him; but the acts herein alleged give the appellant no cause of action as against respondent. *Boyson v. Thorn*, 98 Cal. 578, 33 Pac. 492, 21 L. R. A. 233.

The judgment is affirmed.

HADLEY, C. J., MOUNT, and ROOT, JJ., concur.